## BAGLEY v. SHOPPACH, AS SHERIFF, ETC.

FEES: *For certificate of tax sale.*

If a collector of revenue for his own convenience includes several different tracts of land in one certificate, he can collect of the purchaser the fee of one certificate only; but if he does so at the request of the purchaser he is entitled to the aggregate fees of a certificate for each separate tract.

APPEAL from *Saline* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Paul Bagley* pro se.

COCKRILL, C. J. This is an action against the sheriff and ex officio collector of taxes to recover what the complaint alleged to be illegal fees demanded and received by him of the plaintiff, and also the statutory penalty for receiving illegal fees. *Mansf. Dig., sec. 3295.*

This is the second appearance of the case in this court. See *43 Ark., 375.* On the trial, after it was remanded, the proof showed that Bagley became the purchaser of sixty-one tracts of land at the collector's sale for non-payment of taxes. The collector offered to execute and deliver to him a certificate of purchase for each tract upon the payment of the fee for each several certificate, but Bagley wanted all the tracts embraced in one certificate, and was unwilling to pay the fees demanded for sixty-one certificates. The collector then, at Bagley's request, and solely for his accommodation, executed a single certificate of purchase describing the sixty-one tracts, and demanded $15.25 therefor—the full amount of the fees allowed for sixty-one certificates. Bagley paid the amount to prevent a resale of the lands, and then sued for the excess over twenty-five cents, as well as for five dollars as a penalty.

It was determined upon the former appeal, and it is the law of this case, that a collector can not be required to include in one certificate a number of tracts of land which have been separately sold for the non-payment of taxes. The statute contemplates an immediate settlement by the purchaser when the land is struck off by the collector, and upon a failure by the bidder to comply with the terms of his bid, it is the collector's duty to re-offer the land. *Mansf. Dig., sec. 5766.*

If for convenience he defer the settlement until a number of tracts are sold, and then for his own convenience elects to include several tracts in one certificate, he is permitted to collect the fee for a single certificate only. *43 Ark., supra.* The purchaser can not, however, deprive the officer of the

right to demand the fees allowed him by statute merely by refusing to accept what the officer after each sale might have legally tendered—that is, a separate certificate of purchase for each tract. It can not, therefore, be said to be extortion in the omcer to demand the aggregate of all the fees he might have legally demanded as the several sales were made, if he accedes to the purchaser's wish to have two or more tracts embraced in one certificate.

The only conclusion to be reached from a consideration of the evidence in this case is, that the collector did not attempt to shirk any labor or responsibility about the execution of the certificates of purchase, and that the single certificate was made to embrace a number of tracts of land that had been separately sold, at the request and solely for the accommodation of the plaintiff, who was the purchaser. It follows that nothing was illegally demanded, and the judgment in favor of the collector is affiirmed.